UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ADRIAN JOHN, SHANTEE WILLIAMS and LUIS
GOMEZ,

                                 Plaintiffs,

                        -against-

Police Officer MATTHEW DEMAIO, Shield No. 23579,
et al.,

                                 Defendants.
-------------------------------------------------------------------------x

15 CV 6094 (NGG) (CLP)

# MEMORANDUM OF LAW IN SUPPORT OF MOTION
# FOR ATTORNEY'S FEES AND COSTS

HARVIS & FETT LLP
Baree N. Fett, Esq.
305 Broadway, 14th Floor
New York, New York 10007

*Attorneys for plaintiffs*

May 12, 2016

## Preliminary Statement

In the early evening of July 3, 2015, plaintiffs Adrian John and his wife, Shantee Williams, were hosting a Fourth of July barbeque in the front yard of their home in Brooklyn. At the gathering were friends and family, including plaintiff Luis Gomez. During the evening, defendant officers, who were not responding to any call or complaint in connection with the barbeque, set upon the law-abiding group and began to intimidate and harass them by, *inter alia*, shining their flash lights at attendees. When Mr. John saw that defendants were shining their lights into the eyes of children, he asked them what they were doing and if they could please stop. With that, defendants ratcheted up their aggressive behavior toward Mr. John and the group generally, leading to a number of unjustified arrests, including those of the plaintiffs.

In the process of arresting Mr. John for responding to the officers' own taunts, defendants violently assaulted him and fractured his nose; Mr. John was charged with making terroristic threats, a felony. Ms. Williams, who was visibly pregnant at the time, was also arrested without cause. During the course of her arrest, she was shoved against a car, belly first, causing her bruising, pain and extreme anxiety. Mr. Gomez, who began videotaping the officers' conduct from a reasonable distance away and was arrested in retaliation for that conduct, was slammed against a car, his phone was smashed and he was arrested and charged with disorderly conduct.

After being held for over 26 hours, Ms. Williams was released and immediately sought treatment in connection with her pregnancy and the injuries she sustained from SUNY Downstate Medical Center. Mr. John, who was held for over twenty hours, also sought medical treatment from SUNY Downstate for his fractured nose and other injuries. Mr. Gomez was

ultimately issued a summons and released after spending several hours in jail. All charges against plaintiffs were adjourned in contemplation of dismissal and subsequently dismissed.

On April 13, 2016, defendants served offers of judgment pursuant to Fed. R. Civ. P. 68 upon plaintiffs, offering, exclusive of reasonable attorney's fees, expenses and costs,: 1) $15,001 to Adrian John; 2) $15,001 to Shantee Williams; and 3) $2,501 to Luis Gomez. Plaintiffs filed their notice of acceptance on April 27, 2015, and corresponding judgments were entered on April 28, 2016. *See* ECF Nos. 27- 29.

Plaintiffs now move for an award of attorney's fees, expenses and costs in the amount of $20,268.22, pursuant to Fed. R. Civ. P. 54 and the express terms of the defendants' offers of judgment.

## ARGUMENT

### POINT I

### THE FEES, COSTS AND EXPENSES SOUGHT ARE REASONABLE AND SHOULD BE AWARDED IN THEIR ENTIRETY

A. **Legal Standard**

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see, e.g.*, *Rodriguez v. Pressler & Pressler, LLP*, 06 CV 5103 (BMC), 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 16, 2009); *Torres v. City of New York*, 07 CV 3473 (GEL), 2008 WL 419306 (S.D.N.Y. Feb. 14, 2008); *Wise v. Kelly*, 05 CV 5442 (SAS) (THK), 2008 WL 482399 (S.D.N.Y. Feb. 21, 2008). In *Perdue v. Kenny A.*, the Supreme Court reiterated that the lodestar method is

"the guiding light of our fee-shifting jurisprudence." 130 S. Ct. 1662, 1672 (2010) (internal citations omitted). The Court further noted that this method was "readily administrable" and "objective;" and that "there is a 'strong presumption' that the lodestar figure is reasonable." *Id.* at 1673.

A reasonable hourly rate is ordinarily determined by the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant "community" from which this rate should be derived is "the district in which the court sits." *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). Courts may rely upon their own knowledge of private firm hourly rates in deciding what reasonable rates are in the community. *See Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Plaintiffs are entitled to recover their legal fees based on an evaluation of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. In this case, counsel's rate and the amount of time spent on the litigation are reasonable, and thus plaintiffs should be permitted to recover the full amount sought.

**B.** **The Rate Sought Is Reasonable**

Ms. Fett's requested hourly rate is $425. Ms. Fett has over seventeen years of specialized experience in civil rights litigation, as both plaintiffs counsel and a senior government defense attorney. *See* Declaration of Baree N. Fett dated May 12, 2016 ("Fett Decl."), ¶¶ 2-11. Ms. Fett has personally litigated over 235 civil rights cases, including a trial in which a jury awarded her

client over $20 million (reversed on appeal), and supervised hundreds more while working in the New York City Law Department. Fett Decl. ¶¶ 5, 7, 9-10.

The rate plaintiff proposes for Ms. Fett is in line with those awarded to attorneys of comparable experience and skill over the last decade. *See U.S.* v. *City of New York*, 07 CV 2067 (NGG) (RLM), 2013 WL 5542459, *8 (E.D.N.Y. Aug. 30, 2013) ("*NYC Firefighters*") (holding that "[r]ecent opinions in this district suggest that reasonable hourly rates are approximately $400-$450 for partners…" and awarding attorneys of comparable experience rates ranging from $375 to $450 per hour) (internal quotation omitted); *Mariani v. City of New York,* 12 CV 288 (NG) (JMA) (E.D.N.Y. July 1, 2013) (ECF No. 20) (approving a $425 hourly rate for small-firm civil rights attorney with seventeen years of experience); *see also Artemide Inc. v. Spero Elec. Corp.*, 09 CV 1110 (DRH) (ARL), 2010 WL 5452075 (E.D.N.Y. Nov. 23, 2010) ("Current prevailing rates for partners in the Eastern District range from $350 to $450.") (citations omitted) (collecting cases)*; Thorsen v. County of Nassau*, 03 CV 1022 (ARL), 2011 WL 1004862, *5 (E.D.N.Y. Mar. 17, 2011) (same) (collecting cases); Fett Decl. ¶ 22.

Attached to Ms. Fett's declaration is the Declaration of Jon L. Norinsberg, a distinguished civil rights attorney who attests based on personal knowledge that Ms. Fett's requested hourly rate is reasonable for an attorney of her experience, skill and reputation. Fett Decl. ¶ 23 and Exhibit 2 thereto.

The National Law Journal survey and Laffey Matrix demonstrates that $425 per hour is well within the range of "prevailing market rates in the relevant community," *Perdue*, 130 S. Ct at 1672 (quoting *Blum*, 465 U.S. at 895); Fett Decl., ¶¶ 27-28 and Exhibits 3-4.

Plaintiffs respectfully submit that, upon applying the lodestar analysis in this case, the Court should adopt the proposed $425 per hour rate for plaintiffs' counsel.

C. **The Requested Hours Are Reasonable**

The Supreme Court has noted that a reasonable hourly fee will normally encompass all hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). Exhibit 1 to the Fett Decl. contains accurate, detailed and contemporaneous time records maintained by plaintiffs' counsel's firm. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed.

Ms. Fett spent a total of 47.2 hours on this litigation, including 1.6 hours billed as paralegal work and 2 hours of travel. At her requested hourly rate of $425, with travel billed at $212.50 per hour and paralegal tasks at $75 per hour, plaintiffs are requesting $20,268.22. Fett Decl. ¶¶ 12-20.

The attorney's fees sought herein include compensation for the time spent preparing the instant fee application. It is well established that "time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable." *Gagne v. Maher,* 594 F.2d 336, 344 (2d Cir. 1979) *aff'd* 448 U.S. 122 (1980); *see also Weyant v. Okst,* 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for ... fees."). The time submitted for preparing this fee application is 5 hours, which is 10.6% of the total time billed for work on the case. "Many courts have noted that the norm in this circuit is to allow fees for fees awards that account for between 8 and 24% of the total fee

award." *Black v. Nunwood, Inc.*, 13 CV 7207 (GHW), 2015 WL 1958917, *7 (S.D.N.Y. Apr. 30, 2015) (collecting cases).[1]

As reflected in the firm's billing records, annexed as Exhibit 1 to the Fett Decl., there were no excessive, unnecessary or duplicative expenditures of time. Indeed, every effort was made to work efficiently and quickly. This is borne out by the time records, which demonstrate a reasonable allocation of time to the various tasks at hand.

Finally, plaintiffs respectfully submit that the Court should award $1,193.22 in costs. *See* Fett Decl. ¶¶ 12-20 and Exhibit 5. The filing fee of $400 is a critical and unavoidable cost in the case, without which there would be no action. Likewise, the costs for service of process, messenger services and document retrieval costs are required to responsibly investigate, maintain and prosecute the action. *See*, *e.g.*, *Green v. City of New York*, 05 CV 429 (DLI) (ETB), 2009 WL 3088419, *11 (E.D.N.Y. Feb. 13, 2009), *report and recommendation adopted in part,* 05 CV 429 (SLT) (ETB), 2009 WL 3063059 (E.D.N.Y. Sept. 21, 2009) ("The expenditures incurred in the within action include costs for legal research, postage, overnight mail delivery, court reporters, and messenger services, all of which are routinely recoverable.") (collecting cases).

---

[1] If necessary, plaintiffs will supplement their request for fees and costs to reflect all work done on this matter from this point forward – such as a Reply to the defendants' Opposition or work to be performed in response to the Court's actions with respect to this fee application, including any appeal the parties may take.

## CONCLUSION

For the foregoing reasons, the Court should award plaintiffs the entirety of the legal fees requested, in the amount of $19,075.00, as well as costs in the amount of $1,193.22, for a total award of $20,268.22.

Dated:      May 12, 2016
              New York, New York

                              HARVIS & FETT LLP

                              _____
                              Baree N. Fett
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              bfett@civilrights.nyc

                              *Attorneys for plaintiffs*

To:     Aimee Lulich, Esq. (by mail and e-mail)