UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ADRIAN JOHN, SHANTEE WILLIAMS, and
LUIS GOMEZ,

                              Plaintiffs,                    **REPORT AND**
                                                            **RECOMMENDATION**
                                                            15 CV 6094 (NGG) (CLP)

        -against-

Police Officer MATTHEW DEMAIO, Shield No.
23579; Sergeant KEVIN CAIN, Shield No. 615;
Lieutenant MICHAEL DOYLE; Police Officer
IRWIN LUPERON, Shield No. 12509; Sergeant
ROBERT AGATE, Shield No. 3869; Police
Officer MATTHEW EVANS, Shield No. 7425;
Police Officer AARON VERSKA, Shield No.
5369; Officer ALEXIS YANEZ, Shield No. 23098;
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.
------------------------------------------------------------ x

**POLLAK**, United States Magistrate Judge:

        On October 22, 2015, plaintiffs Adrian John, Shantee Williams, and Luis Gomez

(collectively, "plaintiffs") commenced this action against police officer Matthew DeMaio,

lieutenant John Doyle, and John and Jane Doe 1 through 10, pursuant to 42 U.S.C. §§ 1983 and

1988, alleging that defendants violated their rights under the Fourth, Fifth, Sixth, and Fourteenth

Amendments when defendants arrested them on July 3, 2015. (Compl.[1] ¶¶ 2, 15, 35). Plaintiffs

filed a First Amended Complaint on February 26, 2016, containing the same allegations,

---

[1]Citations to "Compl." refer to the Complaint, filed on October 22, 2015.

substituting lieutenant Michael Doyle for John Doyle, and naming sergeant Kevin Cain, police

officer Irwin Luperon, sergeant Robert Agate, police officer Matthew Evans, and police officer

Aaron Verska as additional defendants. (First Am. Compl.[2] ¶¶ 2, 10-16). On March 23, 2016,

plaintiffs filed a Second Amended Complaint containing the same allegations and naming officer

Alexis Yanez as an additional defendant. (Second Am. Compl.[3] ¶¶ 2, 17).

On April 27, 2016, plaintiffs accepted defendants' Offer of Judgment, pursuant to Federal

Rule of Civil Procedure 68. Plaintiffs now move, pursuant to 42 U.S.C. § 1988, for an award of

$20,268.22 in attorney's fees and costs incurred in litigating the case. (Pls.' Mem.[4] at 7).

Defendants contend that both plaintiffs' counsel's proposed hourly rate and number of hours

expended are unreasonably high, and ask for a reduction of each. (Defs.' Opp.[5] at 2). For the

reasons stated below, the Court respectfully recommends that plaintiffs be awarded $14,190.00 in

attorney's fees and $1,123.22 in costs, for a total award of $15,313.22.


## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that at approximately 9:00 p.m. on July 23, 2015, they were lawfully at

the home of plaintiffs John and Williams when defendants, "without reasonable suspicion or

---

[2]Citations to "First Am. Compl." refer to the First Amended Complaint, filed on February 26, 2016.

[3]Citations to "Second Am. Compl." refer to the Second Amended Complaint, filed on March 23, 2016.

[4]Citations to "Pls.' Mem." refer to the Memorandum of Law in Support of Motion for Attorney's Fees and Costs, filed on June 2, 2016.

[5]Citations to "Defs.' Opp." refer to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Attorney's Fees and Costs, filed on June 2, 2016.

probable cause to believe plaintiffs or any of their guests had committed any crime or offense, began to search the area and harass plaintiffs' guest[s]." (Second Am. Compl. ¶¶ 21, 22). Plaintiffs claim that, after plaintiff John asked defendants if "he could help them," one of the defendants responded in sum, "Get away from me." (Id. ¶ 23). Plaintiffs allege that defendants then grabbed plaintiff John, causing him physical injury included a fractured nose; plaintiff Williams, who was five months pregnant, was also grabbed and pushed against a parked car. (Id. ¶¶ 24, 25). Plaintiffs further allege that, after plaintiff Gomez began recording the incident "from a reasonable distance," a defendant "slammed" him against a parked car and "tightly handcuffed him." (Id. ¶¶ 27, 28). Each plaintiff was allegedly falsely arrested; charges against plaintiff Williams were dismissed, and plaintiffs John and Gomez were granted adjournments in contemplation of dismissal. (Id. ¶¶ 29, 37, 38). Plaintiffs John and Williams allegedly sought medical treatment following their release from custody, and each plaintiff claims that they were "deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations." (Id. ¶¶ 39, 40, 41).

Plaintiffs commenced this action on October 22, 2015. After holding an initial conference on January 7, 2016, plaintiffs filed a First Amended Complaint on February 26, 2016, and a Second Amended Complaint on March 23, 2016. The Court conducted a settlement conference on March 25, 2016, at which no settlement was reached and the Court determined that settlement was unlikely. On April 13, 2016, defendants served plaintiffs with a Rule 68 Offer of Judgment. (Offer[6]). Each plaintiff accepted the Offer, and on April 28, 2016, the Clerk

---

[6]Citations to "Offer" refer to the Rule 68 Offers of Judgment made by defendants on April 13, 2016, attached as Exhibit A to the Declaration of Aimee K. Lulich in Support of Defendants' Opposition to Plaintiffs' Motion for Attorney's Costs and Fees, filed on June 2,

of Court entered judgment in favor of plaintiffs, in the amount of $15,001.00 for each of

plaintiffs John and Williams, and $2,501.00 for plaintiff Gomez, as well as "reasonable

attorneys' fees, expenses, and costs." On June 2, 2016, the parties filed a fully briefed motion for

plaintiffs' attorney's fees, and on August 19, 2016, the Honorable Nicholas G. Garaufis referred

the motion to the undersigned to prepare a Report and Recommendation.


## DISCUSSION

A. Eligibility for Fees and Costs

Section 1988(b) of Title 42, United States Code, provides that "[i]n any action or

proceedings to enforce a provision of [the federal civil rights laws], the court, in its discretion,

may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of

the costs. 42 U.S.C. § 1988(b). A plaintiff "prevails" for purposes of awarding fees "when

actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between

the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."

Integrity Commc'ns Corp. v. Baker, No. 10 CV 3238, 2013 WL 4830948, at *7 (S.D.N.Y. Sept.

10, 2013) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). Such a benefit can come

through a judgment of the court, a consent decree, or a settlement, even if the relief awarded is

not the exact relief sought. See Farrar v. Hobby, 506 U.S. at 111 (holding that "to qualify as a

prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim .

---

2016. Although defendants' Offers of Judgment were actually three separate offers (one for each
plaintiff), the Court refers to them collectively as the "Offer" because, other than the names of
the plaintiff receiving the Offer and the amount of the Offers of Judgment, the Offers are
identical.

. . [either] an enforceable judgment against the defendant . . . or comparable relief through a consent decree or settlement"); Kirk v. New York State Dep't of Educ., 644 F.3d 134, 137 (2d Cir. 2011) (stating that "[p]laintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit") (citation omitted); Raishevich v. Foster, 247 F.3d 337, 345 (2d Cir. 2001) (holding that even where a plaintiff is awarded an amount less than he sought, fees are warranted); Cabrera v. Jakabovitz, 24 F.3d 372, 393 (2d Cir. 1994) (awarding fees after a jury verdict of nominal damages where plaintiffs "prevailed on a significant legal issue"), cert. denied, 513 U.S. 876 (1994).

The Supreme Court has interpreted Rule 68 of the Federal Rules of Civil Procedure to preserve this right to recover attorneys' fees under Section 1988 in the event that a case settles before trial. Marek v. Chesny, 473 U.S. 1, 9 (1985) (explaining that "[s]ince Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the cost-shifting provision of Rule 68"). Defendants do not appear to contest that plaintiffs are prevailing parties in this action. The Rule 68 Offer of Judgment specifically included "reasonable attorneys' fees, expenses and costs to the date of this offer" (Offer at 1), and defendants do not assert such a defense in their reply to the instant motion. (See Defs.' Opp.).

There is a presumption that prevailing parties "should recover an attorney's fee unless special circumstances would render such an award unjust." Cruz v. Henry Modell & Co., Inc., No. 05 CV 1450, 2008 WL 905351, at *2 (E.D.N.Y. Mar. 31, 2008) (quoting Kerr v. Quinn, 692 F.2d 875, 877 (2d Cir. 1982)). The parties have raised no such special circumstances, nor can the Court find one upon independent review of the record. As such, plaintiffs are entitled to

5

attorney's fees under 42 U.S.C. § 1988.

### B. Calculating the Amount to Be Awarded

Having established that plaintiff's counsel is entitled to fees and costs under 42 U.S.C. § 1988, the Court turns to a determination of exactly how much should be awarded. Courts employ the "lodestar" method in calculating reasonable attorneys' fees, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A., 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; see also Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). Courts in this circuit employ the same procedures for determining such fees in the context of a Rule 68 settlement as are used for judgments awarded at trial. See, e.g., Barbour v. City of White Plains, 700 F.3d 631, 633 (2d Cir. 2011) (citing to and approving the district court's use of a lodestar calculation in determining attorney's fees after a Rule 68 settlement of the case); Struthers v. City of New York, No. 12 CV 242, 2013 WL 5407221, at *6-8 (E.D.N.Y. Sept. 25, 2013) (applying lodestar method to determine reasonable attorney's fees after a Rule 68 settlement).

Among the factors considered by the court in determining whether a fee is reasonable are: "(1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time

reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the results obtained." Medina v. Donaldson, No. 10 CV 5922, 2015 WL 77430 at *2 (E.D.N.Y. Jan. 6, 2015) (quoting Aurora Commercial Corp. v. Approved Funding Corp., No 13 CV 230, 2014 WL 3866090, at *3 (S.D.N.Y. Aug. 6, 2014)).  Although the fee must be "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case," Perdue v. Kenny A., 559 U.S. at 552, the exact determination of what constitutes such a reasonable fee in a particular case is within the district court's discretion.  Medina v. Donaldson, 2015 WL 77430 at *2.

It is also settled law that "[t]he fee applicant 'bears the burden of . . . documenting the appropriate hours expended'" and hourly rates.  Struthers v. City of New York, 2013 WL 5407221, at *8 (internal citations omitted).  It is clearly the attorney's burden to "establish his hourly rate with satisfactory evidence – in addition to the attorney's own affidavits," id. at *6 (citations and internal quotation marks omitted), and fee applications are subject to denial where the fees have not been adequately documented.  See, e.g., Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 53 (2d Cir. 1992).

## C. Attorney's Fees

In connection with the fee application in this case, plaintiffs' counsel submitted a sworn Declaration, along with contemporaneous billing records for time spent on this case.  See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) (holding that an attorney "who applies for court-ordered compensation . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the

7

hours expended, and the nature of the work done"). All services rendered in connection with this matter are documented in the billing records, which include the date that services were performed, the time spent performing the services, and descriptions of the services performed. (See Fett Decl.,[7] Ex. 1).

In challenging plaintiffs' fee request, defendants object to both the rate charged by counsel and the number of hours billed. Accordingly, the Court addresses the rate issue before turning to the hours billed.

### 1. Qualifications of Counsel

In determining the reasonableness of an hourly rate, the qualifications of counsel are a relevant factor to be considered by the Court. Courts in this district have held that "[t]he highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their field." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012).

Plaintiffs have been represented in this action by Baree N. Fett, Esq. a partner at the firm of Harvis & Fett LLP (the "Firm"). (Fett Decl. ¶ 10). Ms. Fett states that she was admitted to the Arizona State Bar in 1997 and the New York State Bar in 1999. (Id. ¶ 3). She states that, beginning in 1999, she worked as an associate at the Law Offices of Alan J. Rich, Esq., litigating primarily civil rights cases involving disability, sexual orientation, and race discrimination. (Id. ¶

---

[7] Citations to "Fett Decl." refer to the Declaration of Barree N. Fett in Support of Motion for Attorney's Fees and Costs, filed on June 2, 2016.

4).  She lists a number of cases that she worked on while working for Mr. Rich, including several discrimination trials.  (Id. ¶ 5).

Ms. Fett became an Assistant Corporation Counsel for the City of New York in 2007[8] and continued working in the Special Federal Litigation Division of the New York City Law Department for the City until 2012; while there, she worked on about 120 false arrest, malicious prosecution and excessive force cases, including one jury trial.  (Id. ¶¶ 6, 7, 12).  In 2011, she was made a supervising "team leader" and was named Senior Counsel in the Special Federal Litigation Division; in that position, she had her own caseload and supervised approximately 200 matters litigated by her department.  (Id. ¶¶ 8, 9).

Since joining the Firm in 2012, she has worked exclusively on Section 1983 civil rights matters in federal court, appearing in approximately 115 cases in the Eastern and Southern Districts of New York and conducting at least one trial in the Southern District of New York.  (Id. ¶ 10).  Ms. Fett has taught Continuing Legal Education courses on Section 1983 discovery practice and other topics related to Section 1983 litigation.  (Id. ¶ 11).  Based on these qualifications, Ms. Fett requests an hourly rate of $425.00 per hour.  (Pls.' Mem. at 3).

For their part, defendants point out that none of the cases Ms. Fett said she worked on while working for Mr. Rich were Section 1983 cases or were related to police misconduct.  (Defs.' Opp. at 6).  Accordingly, they argue, her experience in Section 1983 cases is limited to the years since joining the New York City Law Department in 2007.  (Id.)  They also note that it appears that Ms. Fett has participated in "only" two trials.  (Id.)

---

[8]Defendants note that plaintiffs' declaration "does not indicate how many years Ms. Fett worked at the Law Offices of Alan J. Rich, only that she joined the New York City Law Department in 2007."  (Defs.' Opp. at 6).

2. Hourly Rate

In the Second Circuit, "[t]he reasonable hourly rate is the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 190. In making this determination, courts weigh twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorneys' customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 186 n.3. This calculus is locality-sensitive; in order to determine a reasonable hourly rate the court must look to "the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). "The relevant community . . . is the district in which the court sits." Farbotko v. Clinton County of New York, 433 F.3d 204, 208 (2d Cir. 2005) (citing Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)).

The party seeking fees has the burden of establishing the prevailing market rate. See Spencer v. City of New York, No. 06 CV 2852, 2013 U.S. Dist. LEXIS 161693, at *9 (S.D.N.Y. Nov. 12, 2013). Counsel must demonstrate "by satisfactory evidence – in addition to the attorney's own affidavits" that the hourly rate being requested is the prevailing market rate in that locale. Farbotko v. Clinton County of New York, 433 F.3d at 209 (quoting Blum v. Stenson, 465 U.S. at 896 n.11).

In this case, in addition to plaintiffs' counsel's own affidavit stating that she believes her

10

hourly rate is fair, plaintiffs submitted a declaration from a "notable civil rights litigator with many years of experience," a survey of prevailing New York market rates published in the National Law Journal, and a printout from the "Laffey Matrix," which, according to Ms. Fett, is an "accepted tool for establishing hourly rates for attorneys in the Washington, D.C.-Baltimore area." (Fett Decl. ¶¶ 23, 27, 28; Exs. 2, 3, 4). Plaintiffs also note that plaintiffs John and Williams' retainer agreements with Ms. Fett provide for a rate of $425.00 per hour, and plaintiff Gomez's agreement calls for a rate of $450.00 per hour. (Id. ¶ 26).

As an initial matter, the Court gives little consideration to the rates provided in the National Law Journal exhibit, since the data: 1) is based solely on the rates for "169 of the nation's 350 largest firms," of which the Firm is not one; 2) is not based solely on rates charged in Section 1983 litigation; and 3) is not limited to rates charged within the Eastern District of New York. (Id. Ex. 3). Additionally, the Court disregards the "Laffey Matrix" completely, since it provides rates for an area not encompassed by the Eastern District of New York, which is the only district the Court considers when determining the reasonable hourly rate. See Farbotko v. Clinton County of New York, 433 F.3d at 208.

However, plaintiffs cite several cases in which lawyers with "comparable experience and skill" were awarded rates in the range of the $425.00 per hour requested by Ms. Fett here. (Pls.' Mem. at 4). For example, plaintiffs cite to Mariani v. City of New York, in which this Court awarded a rate of $425.00 per hour for a "small-firm civil rights attorney with seventeen years of experience." (Id. (citing No. 12 CV 288, slip op. at 2 (E.D.N.Y. July 1, 2013))). They also point to United States v. City of New York, where the court awarded "attorneys of comparable experience rates ranging from $375 to $450 per hour" and noted that "[r]ecent opinions in this

11

district suggest that reasonable hourly rates are approximately $300-$450 for partners." (Id. (citing No. 07 CV 2067, 2013 WL 5542459, at *6, 8 (E.D.N.Y. Aug. 30, 2013))).[9] Finally, plaintiffs point to additional cases stating that the prevailing rates for partners in this district range from $350.00 to $450.00 per hour. (Id. (citing Artemide Inc. v. Spero Elc. Corp., No. 09 CV 1110, 2010 WL 5452075, at *3 (E.D.N.Y. Nov. 23, 2013), and Thorsen v. County of Nassau, No. 03 CV 1022, 2011 WL 1004862, at *5 (E.D.N.Y. Mar. 17, 2011))).

Conversely, defendants argue that Ms. Fett's rate should be lowered to $300.00 per hour, acknowledging that the reasonable hourly rates in this district are "approximately $300-$450 per hour for partners," but assert that Ms. Fett's hourly rate should be at the bottom of that range. (Defs.' Opp. at 4-5 (citing cases)). They contend that "[t]he highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." (Id. at 5 (quoting Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d at 300)). Defendants also argue that hourly rates may be lowered when "the work involved was not overly complex or difficult," and since this case did not involve any discovery disputes, motion practice, or complex legal issues, defendants contend that Ms. Fett's rate should be reduced. (Id. at 7 (quoting Hassan v. City of New York, No. 11 CV 5382, 2014 U.S. Dist. LEXIS 26194, at *14 (E.D.N.Y. Feb. 26, 2014))).

The Court agrees with defendants that neither Ms. Fett's experience nor the complexity of the case support a rate of $425.00 per hour. As both parties acknowledge, in this district,

---

[9]The Court notes that plaintiffs incorrectly quote this case as providing a range of "$400-$450 for partners." (Pls.' Mem. at 4).

reasonable hourly rates for partners range from $300.00 to $450.00 per hour.  United States v. City of New York, 2013 WL 5542459, at *6; see also Small v. New York City Transit Auth., No. 03 CV 2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014) (explaining that "the actual hourly rate that many courts have awarded partners and solo practitioners in civil rights cases have most often been in the $300 per hour range").  However, the highest rates in that range are reserved for "expert trial attorneys" with "extensive" experience before the bar, and who are recognized as "experts in their fields."  Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d at 300.  Indeed, "rates higher than $350 per hour are generally reserved for the unusually expert litigation of civil rights claims or other special circumstances."  Gortat v. Capala Bros., No. 07 CV 3629, 2014 U.S. Dist. LEXIS 108077, at *15-16 (E.D.N.Y. June 4, 2014) (citing cases), rev'd in part on other grounds, 795 F.3d 292 (2d Cir. 2015); see, e.g., Anderson v. County of Suffolk, No. 09 CV 1913, 2016 WL 1444594, at *5 (E.D.N.Y. Apr. 11, 2016) (finding a rate of $300.00 per hour for a partner with 36 years of legal experience to be reasonable); Small v. New York City Transit Auth., 2014 WL 1236619, at *6-7 (awarding $300.00 per hour to partners who had not "reached the stature of other civil rights attorneys with 20 or more years of experience" and citing cases); United States v. City of New York, 2013 WL 5542459, at *8 (awarding $375.00 per hour to attorneys with 18 and 19 years of experience); Colon v. City of New York, No. 09 CV 0008, 2012 WL 691544, at *21 (E.D.N.Y. Feb. 9, 2012), report and recommendation adopted, 2012 WL 686878 (E.D.N.Y. Mar. 2, 2012) (granting a rate of $350.00 per hour to a lawyer with twenty years of legal experience, six of which involved civil rights law).

While the Court acknowledges Ms. Fett's experience in Section 1983 litigation as both a lawyer for plaintiffs and the City of New York, her experience in this area of law is less than 10

years, since she joined the New York City Law Department in 2007 and she has been able to identify only two trials that she herself has conducted. (Fett Decl. ¶¶ 5, 6, 7, 10). Ms. Fett certainly has enough experience to be more than a competent representative of her clients, but she does not yet have such extensive experience in the field of Section 1983 litigation or in trial work to justify a rate at the high end of the range for partners in this district.

Moreover, this case was not sufficiently complex or difficult to litigate as to justify a rate at the high end of the range of fees typically awarded to partners. In Hassan v. City of New York, the court noted that the "case resolved before any substantive motion or trial practice, and any potentially complex or difficult issues were still nascent when it settled" and awarded an hourly rate of $325.00 for an attorney who had practiced civil rights law for approximately eight years, both for the New York City Law Department and his own firm. 2014 U.S. Dist. LEXIS 26194, at *6, *14, *17. Similarly here, defendants' Offer of Judgment was accepted before there was any motion practice; there were apparently no discovery disputes or depositions, and to the extent there were any complex legal issues involved, none were ever brought to the stage of briefing. The Court acknowledges plaintiffs' position that "considerable work went into obtaining judgment against defendants in this case" (Pls.' Reply[10] at 3) and recognizes that defendants inaccurately portrayed this case as involving "one plaintiff." (Defs.' Opp. at 12). However, the Court finds that neither Ms. Fett's experience nor the complexity or difficulty of trying this case warrant an award of fees at a rate of $425.00 per hour.

While the Court does not doubt that Ms. Fett is an able and competent attorney and

---

[10]Citations to "Pls.' Reply" refer to the Reply Memorandum of Law in Further Support of Motion for Attorney's Fees and Costs, filed on June 2, 2016.

recognizes that she has litigated hundreds of civil rights cases in this district, she does not appear

to have extensive trial experience, discovery in this case was limited, no depositions were

conducted by either party, there was no motion practice involved, and counsel attended only two

conferences with the Court prior to the plaintiffs' acceptance of the Rule 68 Offer of Judgment.

Accordingly, the Court respectfully recommends that a reasonable hourly rate for plaintiffs'

counsel's work is $350.00.[11]

### 3. Number of Hours Billed

Having determined a reasonable hourly rate to use in compensating plaintiff's counsel,

the Court now turns to determining the reasonableness of counsel's claimed number of hours.

This circuit generally requires all fee applications to be accompanied by contemporaneously

created time records; only in the "rarest of cases" will failure to provide such documentation be

excused. Scott v. City of New York, 643 F.3d 56, 57, 59 (2d Cir. 2011) (holding that, without

contemporaneous time records, even the district court's "personal observations" of an attorney's

work could not constitute grounds for awarding relief); New York State Ass'n for Retarded

Children, Inc. v. Carey, 711 F.2d at 1154 (explaining that "[a]ll applications for attorney's fees,

whether submitted by profit-making or non-profit lawyers, for any work done after the date of

this opinion should normally be disallowed unless accompanied by contemporaneous time

records indicating, for each attorney, the date, the hours expended, and the nature of the work

---

[11]Although defendants urge the Court to apply a rate of $300.00 per hour (see Defs.' Opp. at 3), the Court finds that Ms. Fett's experience and seniority entitles her to an award higher than the bottom of the range for partners in this district and therefore recommends fees at the rate of $350.00 per hour.

done").

Even if counsel provides some contemporaneous time records in support of an application for fees, a trial court may reduce the claimed hours and, accordingly, counsel's award, where proposed billing schedules are unsupported by evidence or objectively unreasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983) (explaining that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended'") (internal citations omitted). If the court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly." Louis Vuitton Malletier, S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012); see also Struthers v. City of New York, 2013 WL 5407221, at *8-9 (reducing fees because those requested for responding to motion papers were "excessive"); Ehrlich v. Royal Oak Fin. Servs., No. 12 CV 3551, 2012 WL 5438942, at *3-4 (E.D.N.Y. Nov. 7, 2012) (reducing attorney's fees because the attorney's billing records contained duplicative entries, and his litigation of the suit made apparent his "lack of experience"); Jemine v. Dennis, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012) (reducing requested fees by 10% because the "quality and complexity of the submissions and calculations" did not reflect the hours expended); Quinn v. Nassau Cty. Police Dep't, 75 F. Supp. 2d 74, 78 (E.D.N.Y. 1999) (reducing one attorney's fees by 20% and another's by 30% for unnecessary and redundant time); American Lung Ass'n v. Reilly, 144 F.R.D. 622, 627 (E.D.N.Y. 1992) (finding that the "use of so many lawyers for relatively straightforward legal tasks was excessive and led to duplication of work" and deducting 40% of plaintiffs' lawyer's hours).

Where entries on a time sheet are vague, duplicative, or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an "across-the-board reduction, or percentage cut, in the amount of hours." T.S. Haulers, Inc. v. Cardinale, No. 09 CV 451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) (citing Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010)); see also Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (affirming district court's 20% reduction in attorneys' fees for "vagueness, inconsistencies, and other deficiencies in the billing records"); Moore v. Diversified Collection Servs., Inc., No. 07 CV 397, 2013 WL 1622949, at *4 (E.D.N.Y. Mar. 19, 2013) (recommending reducing attorney's fees by 10% due to the "vagueness and incompleteness" of some of the entries), report and recommendation adopted, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013); Tucker v. Mukasey, No. 03 CV 3106, 2008 WL 2544504, at *2 (S.D.N.Y. June 20, 2008) (reducing fees by 30% in part because although some entries were detailed, others were vaguely worded or inconsistent); Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 396-97 (S.D.N.Y. 2000) (concluding that "the vagueness of some of the time records prevents the Court from determining why plaintiffs were required to expend so many hours on these tasks" and accounting for this factor in reducing fees by 15%); Cabrera v. Fischler, 814 F. Supp. 269, 290 (E.D.N.Y. 1993) (reducing fees by 30% for vague entries with insufficient descriptions of work performed), rev'd in part & remanded on other grounds, 24 F.3d 372 (2d Cir.), cert. denied, 513 U.S. 876 (1994).

Plaintiffs seek fees for 47.2 hours of work performed on this case. (Pls.' Mem. at 5). This number includes 1.6 hours of paralegal work billed at $75 per hour and 2 hours of counsel's travel at $212.50 per hour (half of the $425.00 per hour rate that they requested for the remainder

17

of the work). (Id.)[12] In support of their request, plaintiffs offer contemporaneous time records reflecting work performed on this case. (Fett Decl. ¶ 21; Ex. 1). These records include the date work was performed, the amount of time billed to each task, and descriptions of the work performed. (Id. Ex. 1).

Defendants do not dispute the validity of the time records but argue that, because the amount of hours billed are "excessive," the Court should reduce the number of hours awarded by at least 30%. (Defs.' Opp. at 8, 10). Defendants allege that "there are several categories of entries where counsel has either inflated her hours or simply billed an excessive number of hours." (Id.)

First, defendants claim that the 17.6 hours that plaintiffs' counsel spent reviewing "criminal court, NYPD, and medical documents," which, between plaintiffs' and defendants' productions, totaled 150 pages, with some of the documents from the parties' respective productions overlapping, is excessive. (Id.) They note that 2.6 of these hours are attributed to "review file," without a description of what was reviewed. (Id.) Additionally, 4.9 hours were allegedly spent reviewing defendants' disclosures and 56 pages of documents produced by defendants, some of which overlapped with documents produced by plaintiffs, such as plaintiffs'

––––––––––––––––––––

[12]Defendants do not object to the 1.6 hours of paralegal work at $75 per hour (Defs.' Mem. at 8). They also do not contest the 2 hours of travel time at 50% of the hourly rate recommended by the Court. (Id.) Courts in this circuit routinely award compensation for travel time at 50% the hourly rate. See Barfield v. New York City Health and Hosps. Corp., 537 F.3d 132, 139 (2d Cir. 2008) (affirming an award of travel time by counsel at half of the hourly rate "in accordance with established court custom"). Thus, because the Court respectfully recommends that plaintiffs be awarded a rate of $350.00 per hour (see supra at 15), the Court respectfully recommends that plaintiffs be awarded a rate of $175.00 per hour for counsel's two hours of travel, or half of the $350.00 rate.

18

criminal court complaints and dispositions.  (Id.)  Defendants also take issue with 4.6 hours spent

drafting disclosures and discovery responses, and preparing documents for production, as well as

2.7 hours "on tasks such as drafting letters in order to obtain documents."  (Id. at 11).

Defendants argue that, given the "fairly early resolution of this matter, before any depositions

were scheduled, and the modest amount of document discovery necessary," a total amount of

29.8 hours on discovery is excessive.  (Id.)  They also allege that the approximately 10.2 hours

allegedly spent on discussions with plaintiffs were unnecessary, given the fairly early resolution

of the matter.  (Id.)

Based on the foregoing, defendants urge the Court to reduce plaintiffs' fee request by at

least 30%.  (Defs.' Opp. at 12).  Particularly where, as here, the billing records are extensive, "it

is less important that judges attain exactitude, than that they use their experience with the case, as

well as their experience with the practice of law, to assess the reasonableness of the hours spent."

Automobile Club of New York, Inc. v. Dykstra, No. 04 CV 2576, 2010 WL 3529235, at *2

(S.D.N.Y. Aug. 24, 2010) (citations omitted).  Thus, "[i]n calculating the number of 'reasonable

hours,' the court looks to 'its own familiarity with the case . . . and its experience generally as

well as to the evidentiary submissions and arguments of the parties.'"  Clarke v. Frank, 960 F.2d

1146, 1153 (2d Cir. 1992) (citations omitted).

While plaintiffs do not respond to each category of alleged excessive billing, they do note

that the case involved three plaintiffs with overlapping constitutional claims, and that

"considerable work went into obtaining judgment against defendants in this case."  (Pls.' Reply

at 3).  Plaintiffs state that some of the hours expended included time for "periodic case reviews,"

19

which they allege are "a hallmark of responsible practice." (Id.)

By the Court's own calculations,[13] plaintiff's counsel spent approximately 7.4 hours corresponding with opposing counsel and her clients; 6.2 hours drafting pleadings and discovery responses; 5.8 hours interviewing or meeting with her clients; 3.3 hours performing legal research; 1.2 hours reviewing court documents filed on ECF; and 9.5 hours reviewing documents, both in preparation for production and in review of documents produced by defendants. Additionally, plaintiff's counsel spent 2.7 hours reviewing her case file for the matter.

The Court agrees with defendants that a review of the entries reflects some possibly duplicative work performed on certain tasks. In particular, while defendants claim they produced 56 pages of documents and plaintiff produced 94 pages, plaintiff's counsel spent 9.5 hours reviewing them, or an average of nearly 4 minutes per page. The average time spent per page is actually even greater than that, since several of the documents were produced by both sides and therefore were duplicative of one another, according to defendants. While, in some cases, spending over 4 minutes per page of discovery may be warranted, this case was not particularly complicated, as is evidence by the fact that plaintiff's counsel spent just 3.3 hours performing legal research on behalf of her clients. Moreover, there was no motion practice involved in this case, which further reduced the need for counsel to perform such an extensive review of the

---

[13]While defendants appear to have performed their own calculations as to how many hours plaintiff's counsel spent on certain categories of work for this matter (see Defs.' Mem. at 10-12), the Court performed its own such calculations based on the time records submitted by plaintiffs' counsel (see Fett Decl., Ex. 5) and reached different results for several categories of work. Accordingly, the Court evaluates the reasonableness of plaintiffs' counsel's hours based on its own calculations.

discovery involved.

The Court also finds that the 7.4 hours spent corresponding with opposing counsel and plaintiffs – not including time spent meeting with and interviewing plaintiffs – was somewhat excessive. The Court recognizes that plaintiff's counsel had three clients to communicate with, as well as an adversary, but given that the case was resolved in approximately six months with only initial and settlements conferences taking place before plaintiffs accepted the Offer of Judgment, the Court finds that this amount of time spent communicating with plaintiffs and opposing counsel was unnecessary. Finally, the Court finds that counsel's 2.7 hours spent reviewing her case file was excessive and duplicative on this matter that was resolved quickly with no motion practice. Certainly, responsible counsel on any case should perform periodic reviews of the matter. However, plaintiff's counsel does not explain the need to spend nearly 3 hours reviewing her file, particularly given the extensive time otherwise spent on reviewing the case's discovery and court documents.

Accordingly, rather than itemize specifically entries as excessive, the Court respectfully recommends that the plaintiff's hours be reduced from 43.6[14] by 10% to 39.2 hours.[15] See T.S. Haulers, Inc. v. Cardinale, 2011 WL 344759, at *3.

---

[14]The Court respectfully recommends a reduction from 43.6 total hours, as opposed to the 47.2 total hours plaintiff claims, because defendants have not objected to the 1.6 hours of paralegal work or 2 hours of travel that plaintiffs claim. (Defs.' Opp. at 10; see also supra note 12).

[15]Although defendants urge the Court to reduce the billed hours by at least 30% (see Defs.' Opp. at 12), the Court finds that the hours claimed are not so excessive as to warrant that percentage of a reduction.

4. Hours Billed Preparing the Instant Motion

According to plaintiffs' counsel's time records, Ms. Fett spent 5 hours preparing the instant motion. (Fett Decl., Ex. 1).[16, 17] Defendants contend that the language of the Rule 68 Offer[18] only contemplates paying fees incurred up to the date of the Offer and not fees incurred after the Rule 68 Offer was served. (Defs.' Mem. at 8-9). Additionally, they argue that by seeking to recover fees incurred while making a motion for fees, plaintiffs are seeking to recover "fees on fees." (Id. at 9).

In response, plaintiffs contend that they attempted to settle the case in order to avoid motion practice and that defendants made no attempt to resolve the instant motion. (Pls.' Reply at 4). As such, plaintiffs argue that they "should not be penalized for seeking Court determination of an appropriate fee award as permitted under settled law." (Id.)

As an initial matter, "a party that has been awarded attorneys' fees is generally entitled to recover the reasonable cost of making a fee application." Mawere v. Citco Fund. Servs. (USA) Inc., No. 09 CV 1342, 2011 WL 6779319, at *24 (S.D.N.Y. Sept. 16, 2011), report and recommendation adopted, 2011 WL 6780909 (S.D.N.Y. Dec. 27, 2011). Although some courts

---

[16]In their reply in support of this motion, plaintiffs request fees for an additional 1 hour spent preparing the reply. (Pls.' Reply at 5; Reply Fett Decl., Ex. 6). However, because plaintiffs only requested fees up to and including the time spent preparing the instant motion, but not the reply (see Pls.' Mem. at 7), the Court respectfully recommends that plaintiffs not be awarded fees for time spent preparing the reply.

[17]Citations to "Reply Fett Decl." refer to the Reply Declaration of Baree N. Fett in Further Support of Motion for Attorney's Fees and Costs, filed on June 2, 2016.

[18]The Rule 68 Offer states, "defendants hereby offer . . . reasonable attorneys' fees, expenses, and costs to the date of this offer." (Offer (emphasis added)).

in this circuit do not award fees incurred after the acceptance of an offer of judgment if this limitation is stated in the Rule 68 offer, see, e.g., Long v. City of New York, No. 09 CV 6099, 2010 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010) (stating that the "Rule 68 judgment limited recoverable fees and expenses to those incurred prior to the date of the offer"), other courts permit reasonable fees to be recovered. See, e.g., Struthers v. City of New York, 2013 WL 5407221, at *9 (awarding fees incurred in preparing motion for fees after a similar Rule 68 Offer of Judgment was accepted); Rosado v. City of New York, No. 11 CV 4285, 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012) (concluding that, despite the language in the Rule 68 offer that plaintiff's counsel could recover "reasonable attorneys' fees, expenses, and costs to the date of this offer," fees for the time spent preparing a fee motion were recoverable as a matter of equity). Courts should evaluate an application for the costs of preparing the fee application in the same manner as the costs of litigating the case. Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1059 (2d Cir. 1995).

The Court finds that the time spent preparing the instant motion is compensable. Section 1988 gives the court, in its discretion, the power to award a reasonable attorney's fee. 42 U.S.C. § 1988. "By not settling the attorneys' fees issue, [defendant] was put on notice that time spent by counsel in seeking fees would become a component of 'reasonable attorney's fees.'" Rosado v. City of New York, 2012 WL 955510, at *6. Defendants had the opportunity to resolve the issue of attorney's fees and costs at the settlement conference held on March 25, 2016, or along with the Offer of Judgment. Defendants' failure to do so did not deprive the Court of its ability to exercise its discretion under Section 1988 to award attorney's fees and costs to prevailing

parties. Moreover, the Court finds that five hours spent preparing the instant motion and declaration is reasonable. Accordingly, the Court respectfully recommends that plaintiffs be awarded attorney's fees for the five hours plaintiffs' counsel spent preparing the instant motion.

### D. Costs

Plaintiffs request $1,193.22 in costs, representing payment of the filing fee, service of process charges, costs to retrieve discovery from plaintiffs, and costs to obtain criminal court and medical records. (Pls.' Mem. at 6; Fett Decl. ¶ 30). In support of its application for fees, plaintiffs have submitted client cost ledgers for each plaintiff, as well as receipts for many of the expenses. (Fett Decl., Ex. 5). Defendants do not appear to contest any of the requested costs. (See Defs.' Opp. at 13).

Pursuant to 28 U.S.C. § 1988, a prevailing party may recover certain costs, such as filing fees and service of process fees. See Anderson v. City of New York, 132 F. Supp. 2d 239, 245 (S.D.N.Y. 2001). Section 1988 allows for recovery of a broader range of costs than 28 U.S.C. § 1920, permitting a party to recover those costs which are "ordinarily charged to clients in the legal marketplace." Id. Importantly, however, the party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery. See, e.g., Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., No. 04 CV 2293, 2009 WL 5185808 at *9-10 (E.D.N.Y. Dec. 23, 2009) (reducing award of costs where certain costs were not properly documented); Rotella v. Board of Educ. of City of New York, No. 01 CV 434, 2002 WL 59106 at *5 (E.D.N.Y. Jan. 17,

24

2002) (declining to award costs which would ordinarily be recoverable under § 1988 because of plaintiff's failure to support demands with adequate documentation).

No receipts have been submitted for the filing fee or for several other expenses totaling $70.00.[19]  While the Court takes judicial notice of the filing fee in this district, see Joe Hand Promotions v. Elmore, No. 11 CV 3761, 2013 WL 2352855 at *12 (E.D.N.Y. May 29, 2013) (taking judicial notice of the filing fee for this court); Phillip Morris USA, Inc. v. Jackson, 826 F. Supp. 2d 448, 453 (E.D.N.Y. 2011) (same), the Court cannot simply take the ledger that plaintiffs' counsel created at face value without any additional evidence of the costs alleged therein.  Accordingly, the Court respectfully recommends that plaintiffs be awarded $1,123.22 in costs, but that the remaining requested $70.00 in other costs be denied in the absence of supporting documentation.

---

[19]Specifically, the Court has been unable to locate a receipt for a $10.00 charge listed in the client ledgers attributable to plaintiff Williams for "Fee for cert of disp." (Fett Decl., Ex. 5). Additionally, the ledger attributed to plaintiff John lists charges of $20.00 and $40.00 for check numbers 1915 and 1923, respectively.  (Id.)  However, the attached invoices bearing those check numbers only list costs for plaintiff Williams, which are separately included in the ledger bearing plaintiff Williams' name and were separately accounted for in plaintiffs' costs calculation.  (Id.)

CONCLUSION

In conclusion, the Court respectfully recommends that plaintiffs be awarded $14,190.00 in fees, representing 39.2 of Ms. Fett's hours at $350.00 per hour, 2 hours of travel at $175.00 per hour, and 1.6 paralegal hours at $75.00 per hour, and $1,123.22 in costs, for a total award of $15,313.22.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. Section 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.
Dated: Brooklyn, New York
       September 29, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York