Index No. 15-CV-6094 (NGG) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ADRIAN JOHN, SHANTEE WILLIAMS and LUIS GOMEZ,

Plaintiff,

-against-

Police Officer MATTHEW DEMAIO, Shield No. 23579; Sergeant KEVIN CAIN, Shield No. 615; Lieutenant MICHAEL DOYLE; Police Officer IRWIN LUPERSON, Shield No. 12509; Sergeant ROBERT AGATE, Shield No. 3869; Police Officer MATTHEW EVANS, Shield No. 7425; Police Officer AARON VERSKA, Shield No. 5369; Officer ALEXIS YANEZ, Shield No. 23098; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE HONORABLE CHERYL L. POLLAK**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Aimee Lulich*
*Tel: (212) 356-2369*
*Matter #: 2015-047807*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STANDARD OF REVIEW ........................................................................................ 2

ARGUMENT

POINT I

PLAINTIFFS SHOULD NOT BE AWARDED "FEES ON FEES" IN CONNECTION WITH THE INSTANT APPLICATION ..........................................................2

A. The Court Should Enforce the Plain Language of the Rule 68 Offer of Judgment .................................. 3

B. There Are No Factors Supporting a Discretionary Award of Fees-on-Fees in the Instant Matter ................................................................... 4

C. Reasonable, Paying Client Would Not Be Willing To Pay "Fees-on-Fees" ..................................................... 6

CONCLUSION .............................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases** **Pages**

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,
522 F.3d 182 (2d Cir. 2007)....................7

Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc.,
962 F.2d 268 (2d Cir. 1992)....................3

Johnson v. City of New York,
No. 11-CV-6176 (ENV) (CLP), 2016 U.S. Dist. LEXIS 17088
(E.D.N.Y. Jan. 30, 2016) ....................4

Long v. City of New York,
2010 U.S. Dist. LEXIS 81020 (S.D.N.Y. Aug. 6, 2010)....................4, 5

Nelson v. Smith,
618 F. Supp. 1186 (S.D.N.Y. 1985)....................2

Quarantino v. Tiffany & Co.,
166 F.3d 422 (2d Cir. 1999)....................7

Rosado v. City of New York,
2012 U.S. Dist. LEXIS 35249 (S.D.N.Y. Mar. 14, 2012) ....................4, 6

Schoolcraft v. City of New York,
10-CV-6005 (RWS)....................4, 5

Tucker v. City of New York,
704 F.Supp.2d 347 (S.D.N.Y. 2010)....................4

Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.,
71 F.3d 1053 (2d Cir. 1995)....................4, 6

Weyant v. Okst,
198 F.3d 311 (2d Cir. 1995)....................4

**Statutes**

28 U.S.C. 636(b)(1) ....................2

28 U.S.C. § 636(b)(1)(C)....................2

Fed R. Civ. P. 72....................2

Fed. R. Civ. P 72(a) ....................2

Fed. R. Civ. P. 72(b) ....................2

| **Statutes** | **Pages** |
|---|---|
| Fed. R. Civ. P. 72(b)(3) | 2 |
| Fed. R. Civ. Pro. 68 | 1, 3, 4, 5, 6 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

ADRIAN JOHN, SHANTEE WILLIAMS and LUIS GOMEZ,

Plaintiffs,

-against-

Police Officer MATTHEW DEMAIO, Shield No. 23579; Sergeant KEVIN CAIN, Shield No. 615; Lieutenant MICHAEL DOYLE; Police Officer IRWIN LUPERSON, Shield No. 12509; Sergeant ROBERT AGATE, Shield No. 3869; Police Officer MATTHEW EVANS, Shield No. 7425; Police Officer AARON VERSKA, Shield No. 5369; Officer ALEXIS YANEZ, Shield No. 23098; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE HONORABLE CHERYL L. POLLAK**

15-CV-6094 (NGG) (CLP)

## PRELIMINARY STATEMENT

Defendants respectfully object to the Report and Recommendation of the Honorable Magistrate Judge Cheryl L. Pollak, dated September 29, 2016, insofar as it awards plaintiffs "fees on fees" for time spent on their motion for fees and costs. Defendants respectfully contend that Magistrate Judge Pollak erred in finding that plaintiffs were entitled to fees on the motion because the plain language of the Rule 68 Offer of Judgment contradicts such a finding, and because plaintiffs made no attempt to confer with defense counsel in advance of moving for fees and costs. Defendants do not object to the remainder of Judge Pollak's recommendations.

## STANDARD OF REVIEW

In evaluating a Magistrate Judge's Order with respect to a pretrial matter, a district court shall, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. 636(b)(1), set aside any part of the order which is erroneous or contrary to law. Fed. R. Civ. P. 72(b)(3) instructs the district judge to determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id.; see also 28 U.S.C. § 636(b)(1)(C); Nelson v. Smith, 618 F. Supp. 1186, 1190 (S.D.N.Y. 1985). The district judge's review may be based on the entire record. Fed. R. Civ. P. 72(b). Further, Rule 72 states that the "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

### POINT I

### PLAINTIFFS SHOULD NOT BE AWARDED "FEES ON FEES" IN CONNECTION WITH THE INSTANT APPLICATION

Plaintiffs' counsel billed 5 hours for tasks related to the preparation of their Motion for Attorneys' Fees and Costs. Magistrate Judge Pollak recommended allowing plaintiffs to collect the 5 hours of "fees on fees." This recommendation was clearly erroneous for the reasons set forth in defendants' Opposition to Plaintiffs' Motion for Attorney's Fees and Costs, and further detailed, *infra*.

First, defendants note that Judge Pollak's Report and Recommendation appears to include a misunderstanding regarding the lack of opportunity for defendants to settle the issue of fees costs prior to motion practice. The Report and Recommendation inaccurately states: "…plaintiffs contend that they attempted to settle the case in order to avoid motion practice and that defendants made no attempt to resolve the instant motion." (Honorable Cheryl L. Pollak's

Report and Recommendation, dated September 29, 2016 ("R&R") at 22) (citing Pls.' Reply at 4.) Both parties participated in a settlement conference before the Honorable Cheryl L. Pollak on March 25, 2016, which did not result in a settlement agreement. Thereafter, defendants issued Rule 68 Offers of Judgments at an amount far below plaintiffs' demands. Plaintiffs filed Acceptances of the Rule 68 Offers on the docket, and defendants expected that plaintiffs' assessment of reasonable fees and costs, along with invoices, would be sent to defendants' attention so that the parties could attempt to resolve the issue. However, without providing any fee request or raising the subject of fees and costs with defendants, plaintiffs filed the instant motion and requested, among other fees and costs, 4.5 hours of compensation for work on the motion and .5 hours for "review…billing record." Thus, defendants had no opportunity to resolve the issue of fees and costs prior to the onset of motion practice. Given the foregoing, any costs incurred by plaintiffs for writing the instant motion were not reasonable, and plaintiffs are not entitled to fees-on-fees.

**A. The Court Should Enforce the Plain Language of the Rule 68 Offer of Judgment**

"Offers of judgment pursuant to Fed. R. Civ. P. 68 are construed according to ordinary contract principles." Goodheart Clothing Co., Inc. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 272 (2d Cir. 1992). If the offer is "plain and unambiguous on its face, its meaning must be determined from the four corners of the instrument." Id. at 272. The Rule 68 Offer made in this case, which plaintiffs agreed to by accepting the offer, expressly stated that the City was offering to allow plaintiffs to take a judgment against the City of New York in this action for a sum certain "plus reasonable attorneys' fees, expenses, and costs ***to the date of this offer"*** for plaintiffs' federal claims. See Docket Entry No. 27. Courts have deemed this language to plainly and unambiguously preclude the collection of fees and costs after the date of service of the Rule 68 Offer. See Schoolcraft v. City of New York, 10-CV-6005 (RWS) Docket Entry No.

638 at 39 (S.D.N.Y. September 6, 2016) ("On the terms of the [Rule 68 Judgment] agreement alone, fees-on-fees are denied"); Rosado v. City of New York, 2012 U.S. Dist. LEXIS 35249, at *21-23 (S.D.N.Y. Mar. 14, 2012) (finding that the language of the Rule 68 "arguably" precludes fees incurred after the date of service, but awarding fees on fees because defendants did not settle the fees issue, despite negotiations, requiring motion practice); Long v. City of New York, 2010 U.S. Dist. LEXIS 81020 at *5-6 (S.D.N.Y. Aug. 6, 2010) ("The Rule 68 Judgment limited recoverable fees and expenses to those incurred prior to the date of the offer."); Tucker v. City of New York, 704 F.Supp.2d 347, 349-350 (S.D.N.Y. 2010) ("Given the plain language of the [Rule 68] agreement and the clear intent of the parties, the agreement should be honored on its terms"). Given the foregoing, the Court should enforce the plain language of the Rule 68 Offers of Judgment, the terms of which were accepted by plaintiffs when they accepted the Offers, and award only fees and costs incurred up to and including the date of the Rule 68 Offer, April 13, 2016.

**B.     There Are No Factors Supporting a Discretionary Award of Fees-on-Fees in the Instant Matter**

Notwithstanding the plain language of the Rule 68 Offer, it is within a judge's discretion to award *reasonable* fees incurred from a fee application. See Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1995); Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1059 (2d Cir. 1995); see also Johnson v. City of New York, No. 11-CV-6176 (ENV) (CLP), 2016 U.S. Dist. LEXIS 17088, at *19-20 (E.D.N.Y. Jan. 30, 2016) (decision to award discretionary fees-on-fees "rests in the Court's evaluation of whether the incurred costs for the fee application were reasonable"). In the instant matter, where plaintiffs did not attempt to resolve the issue of fees with defendants prior to filing the instant motion, and where the fees-on-fees were not occasioned by any bad faith dispute by defendants, any costs incurred by plaintiffs

for the fee application were not reasonable. Schoolcraft, 10-CV-6005 (RWS) Docket Entry No. 638 at 39-40 ("Although some courts have permitted such fees…, they are not warranted here where Plaintiff's counsel did not attempt to settle the matter prior to filing, and did not exercise billing (or filing) judgment in their fee request and motion practice…"); Long, 2010 U.S. Dist. LEXIS 81020, at *6 ("If the City's dispute over recoverable fees were in bad faith, than compensation for the work necessary for plaintiffs fee application may be justified. No such showing has here been made.").

The R&R erroneously supports the recommendation of awarding fees-on-fees by pointing to defendants' purported failure to settle the "attorneys' fees issue." As detailed in Point I.A, *supra*, it cannot be said that defendants failed to settle the "attorneys' fees issue," because plaintiffs never provided defendants with any information regarding the fees and costs allegedly incurred in this matter. Thus, defendants were not provided an opportunity to resolve fees and costs prior to motion practice. Further, the R&R states that defendants had the opportunity "to resolve the issue of attorney's fees and costs at the settlement conference" prior to the issuance of the Rule 68 Offer. Again, as explained above, defendants participated in the settlement conference in good faith, neither party was able to come to an agreement, and the conference was ended. Any failure of settlement discussions prior to the issuance of the Rule 68 Offers cannot be attributed to one party or the other. Thereafter, defendants issued the Rule 68 Offers, all of which were considerably lower than plaintiffs' demands at the settlement conference. Plaintiffs accepted the Rule 68 Offers, and filed the instant motion without providing information about their fees and costs to defendants.

The cases cited in support of the fees-on-fees award in the R&R do not support the conclusion that fees-on-fees should be awarded in this matter. Rather, they involve some action

by defendants to prolong the fee dispute or stymy resolution of the fee issue so that it was "reasonable" for plaintiff to incur costs by filing a fee application. In Struthers v. City of New York, the plaintiff rejected the Rule 68 Offer, prevailed at trial, but was awarded less than the Rule 68 Offer of Judgment. Both the defendants and plaintiff filed fee applications, and the Rule 68 Offer was found to be invalid based on its vagueness, so that there was determined to be no agreement regarding fees and costs between the parties. Thus, the Court awarded fees and costs because plaintiff was the prevailing party at trial, not pursuant to the Rule 68 Offer. In Rosado, plaintiff and defendants participated in apparently extensive negotiation *specifically on the issue of reasonable fees and costs* following the acceptance of the Rule 68 Offer, with both parties making several demands and offers over the course of 2 months. Because there was a demand and an opportunity to negotiate *the issue of fees*, which was ultimately unsuccessful, the Court allowed fees-on-fees because "[b]y not settling the attorneys' fees issue, the City was put on notice that time spent by counsel in seeking fees would become a component of 'reasonable attorney's fees." Rosado, 2012U.S. Dist. LEXIS 35249 at 22. By contrast, in the instant matter plaintiffs did not make a demand and defendants had no opportunity to negotiate. Thus, there are no factors under which the Court could find that the instant motion was "reasonable" and compensable.

**C. Reasonable, Paying Client Would Not Be Willing To Pay "Fees-on-Fees"**

Courts should "evaluate the costs of preparing the [fee] motion no differently from the costs of litigating the underlying case." Valley Disposal, Inc., 71 F.3d at 1059. The Court must consider that a reasonable client "wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 184 (2d Cir. 2007). Additionally, the Court should exclude "excessive, redundant or otherwise unnecessary hours." Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

As described in Points I.A and I.B, *supra*, plaintiffs' counsel did not attempt to avoid incurring the fees at issue, thus, the fees cannot be found to have been "reasonably expended" under the appropriate standard. A reasonable client would have expected that the attorney would take the potentially much less costly step of providing their fees and costs request and allowing defendants to respond in an effort to resolve the issue without incurring additional hours of costs. Accordingly, the Court should not award fees for the 5 hours allegedly spent on the instant fee application.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court reject that portion of Magistrate Judge Pollak's Report and Recommendation recommending that plaintiffs be awarded 5 hours of "fees-on-fees" and order such relief as the Court deems just and proper.

Dated: New York, New York
October 17, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant DeMaio, Doyle, Luperon, Agate, Evans, Verska, and Yanez*
100 Church Street
New York, New York 10007
(212) 356-3513

By: ____/S________________________
Aimee Lulich
Assistant Corporation Counsel