UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ADRIAN JOHN, SHANTEE WILLIAMS and
LUIS GOMEZ,

        Plaintiffs,     15 CV 6094 (NGG) (CLP)

   -against-

Police Officer MATTHEW DEMAIO, Shield No.
23579, et al.,

        Defendants.
------------------------------------------------------------------x

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' OBJECTION TO THE REPORT AND RECOMMENDATION OF THE HONORABLE CHERYL L. POLLAK

HARVIS & FETT LLP
Baree N. Fett, Esq.
305 Broadway, 14th Floor
New York, New York 10007

*Attorneys for plaintiffs*

October 31, 2016

## STANDARD OF REVIEW

"In reviewing a magistrate judge's R&R, the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Santiago v. City of New York*, 15-CV-517 (NGG) (RER), 2016 WL 5395837, *1 (E.D.N.Y. Sept. 27, 2016) (quoting 28 U.S.C. § 636(b)(1)).

As this Court explained in its recent *Santiago* decision: "[i]f a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Id.* (citing *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) and *Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

A clearly erroneous decision is one where "upon review of the entire record" a court is "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citations omitted). Lastly, "courts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." *Id.* (quoting *Kennedy v. Adamo*, 02-CV-1776 (ENV) (RML), 2006 WL 3704784, *1 (E.D.N.Y. Sept. 1, 2006), *aff'd*, 323 Fed.Appx. 34 (2d Cir. 2009) (summary order)

(internal quotation marks omitted) and citing *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013)).

## DEFENDANTS' OBJECTION SHOULD BE OVERRULED

In a thorough, 26-page Report and Recommendation dated September 29, 2016 (the "R&R"), the Honorable Magistrate Judge Cheryl L. Pollak recommended to this Court that plaintiffs be awarded $14,190.00 in attorneys' fees, including $1,750.00 in connection with five hours of plaintiffs' counsel's work on the fee application. *See* R&R at pp. 22-24. Defendants filed an objection to the award of fees for the fee application on October 17, 2016. *See* DE #40.

However, the argument defendants offer in their objection mirrors that made in their original opposition to plaintiffs' fee application, including their citations to the *Rosado* and *Long* lines of cases. *Compare* DE #40 at pp. 2-7 *with* DE #35 at pp. 8-10. Thus, defendants' objection is subject to review under the "clearly erroneous" standard, and it must fail. *Jaramillo v. Banana King Rest. Corp.*, 12-CV-5649 (NGG) (RML), 2016 WL 1108956, *2 (E.D.N.Y. Mar. 18, 2016) ("Defendant's objections are simply a restatement of the arguments that he presented at the December 9, 2015, hearing before Judge Levy. Therefore, these objections are entitled only to clear error review.") (citations omitted).

Drawing upon direct knowledge of the proceedings and the parties' respective conduct, the R&R carefully considered – and rejected – defendants' argument, relying on the significant authority supporting a discretionary award of fees for fee applications in this circuit. *See* R&R at pp. 22-25 & n.18 (citing, *inter alia*, *Struthers v. City of New York*, 12-CV-242 (JG), 2013 WL 5407221, *9 (E.D.N.Y. Sept. 25, 2013)).

> Although some courts in this circuit do not award fees incurred after the acceptance of an offer of judgment if this limitation is stated in the Rule 68 offer, other courts permit reasonable fees to be recovered. Courts should evaluate an application for the costs of preparing the fee application in the same manner as the costs of litigating the case.
>
> The Court finds that the time spent preparing the instant motion is compensable. Section 1988 gives the court, in its discretion, the power to award a reasonable attorney's fee. By not settling the attorneys' fees issue, defendant was put on notice that time spent by counsel in seeking fees would become a component of reasonable attorney's fees. Defendants had the opportunity to resolve the issue of attorney's fees and costs at the settlement conference held on March 25, 2016, or along with the Offer of Judgment. Defendants' failure to do so did not deprive the Court of its ability to exercise its discretion under Section 1988 to award attorney's fees and costs to prevailing parties. Moreover, the Court finds that five hours spent preparing the instant motion and declaration is reasonable. Accordingly, the Court respectfully recommends that

>plaintiffs be awarded attorney's fees for the five hours plaintiffs' counsel spent preparing the instant motion.

*Id.* (citations, quotation marks and brackets omitted).

Earlier this year, another court in this district awarded fees for motion practice following the acceptance of a Rule 68 Offer of Judgment. *Johnson v. City of New York*, 2016 WL 590457, *6 (E.D.N.Y. Feb. 11, 2016). In awarding this request, the district court noted that it was "within a judge's discretion to award fees in connection with the fee application by an attorney seeking an award of attorney's fees." *Id.* (citations omitted).

As recently noted in a Southern District decision awarding fees for another such motion, "[i]It is well established that 'time reasonably spent by plaintiff's attorneys in establishing their fee [is] compensable.'" *Black v. Nunwood, Inc.*, 2015 WL 1958917, *7 (S.D.N.Y. Apr. 30, 2015) (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *see also Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("[A] reasonable fee should be awarded for time reasonably spent in preparing and defending an application for . . .fees.")).

Clearly, the award of fees in the R&R finds support in the law of this circuit and is not in error.

By their objection, defendants ask this Court to entertain reargument on their previous position and to set aside the considered findings of the judge presiding over the pre-trial phase in this case. *See Jaramillo*, 2016 WL 1108956 at *2. As detailed in plaintiffs' Reply Memorandum at pp. 4-5, and as recognized in the R&R, defendants have been uncompromising throughout the litigation – first refusing to negotiate and then arguing for a drastic, unjustified reduction in counsel's reasonable bill. Plaintiffs respectfully submit that under such circumstances the R&R's discretionary award of attorneys' fees for work on the fee application was warranted, and the Court should thus overrule defendants' objection.

Dated: October 31, 2016
New York, New York

HARVIS & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiffs*

To: Aimee Lulich, Esq.