UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ADRIAN JOHN, SHANTEE WILLIAMS, and LUIS
GOMEZ,

                       Plaintiffs,

       -against-

Police Officer MATTHEW DEMAIO, Shield No. 23579;
Sergeant KEVIN CAIN, Shield No. 615; Lieutenant
MICHAEL DOYLE; Police Officer IRWIN LUPERON,
Shield No. 12509; Sergeant ROBERT AGATE, Shield
No. 3869; Police Officer MATTHEW EVANS, Shield
No. 7425; Police Officer AARON VERSKA, Shield
No. 5369; Officer ALEXIS YANEZ, Shield No. 23098;
and JOHN and JANE DOE I through 10, individually and
in their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                       Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**15-CV-6094 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

In this case, Plaintiffs Adrian John, Shantee Williams, and Luis Gomez asserted numerous constitutional claims under 42 U.S.C. § 1983 against Defendants, all of whom work for the New York Police Department ("NYPD"). (See Second Am. Compl. (Dkt. 22).) After settlement negotiations failed (see Mar. 25, 2016, Min. Entry), all three Plaintiffs accepted Defendants' offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (the "Rule 68 Offer") (Notice of Acceptance with Offer of J. (Dkt. 27)). Plaintiffs then moved for $20,268.22 in attorney's fees and costs under 42 U.S.C. § 1988 (the "Fee Motion"). (Mot. for Att'y Fees (Dkt. 31).) The court referred the Fee Motion to Magistrate Judge Cheryl L. Pollak for a Report & Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and Rule 72(a). (Aug. 19, 2016, Order Referring Mot.) On September 29, 2016, Judge Pollak issued an R&R

1

recommending that Plaintiffs be awarded a reduced total of $15,313.22 in attorney's fees and costs. (R&R (Dkt. 39).) Defendants objected to certain portions of the R&R. (Obj. to R&R (Dkt. 40).) For the reasons stated below, Defendants' objections are OVERRULED and Judge Pollak's R&R is ADOPTED IN FULL. Accordingly, the Fee Motion is GRANTED and Plaintiffs are AWARDED $15,313.22, consisting of $14,190.00 in attorney's fees and $1,123.22 in costs.

I. REVIEW OF A REPORT & RECOMMENDATION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district court 'may adopt those portions of the Report to which no objections have been made and which are not facially erroneous.'" Locurto v. United States, No. 10-CV-4589 (NGG) (JO), 2016 WL 4257550, at *2 (E.D.N.Y. Aug. 12, 2016) (quoting La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order). The court shall review de novo any portions of the R&R to which a party timely objected. 28 U.S.C. § 636(b)(1). If, however, "a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Locurto, 2016 WL 4257550, at *2 (quoting Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)).

II. DISCUSSION

A. Judge Pollak's Report & Recommendation

Judge Pollak made the following recommendations:

(1) Plaintiffs are entitled to attorney's fees under 42 U.S.C. § 1988 (R&R at 5-6);
(2) In this jurisdiction, $350 represents a reasonable hourly rate for Plaintiffs' counsel's work (id. at 14-15);

2

(3) The tally of hours should be reduced by 10% in light of certain excessive and duplicative billings, yielding a total of 39.2 compensable attorney hours, plus 1.6 hours of paralegal work (billed at $75 per hour) and 2 hours of travel time (billed at $175 per hour) (id. at 21; see also id. at 18 n.12);

(4) The tally of compensable hours properly includes the time that Plaintiffs' counsel spent working on the Fee Motion (id. at 23-24); and

(5) Plaintiffs should be awarded $1,123.22 in costs, representing all requested costs for which Plaintiff submitted adequate supporting documentation (id. at 25).

## B. Recommendations that Received No Objections

The only objection the court received from either party challenged recommendation (4). The court reviews the other, unobjected-to recommendations for clear error. Locurto, 2016 WL 4257550, at *2. Finding none, the court adopts those recommendations in full.

## C. Defendant's "Fees on Fees" Objections

Defendants objected to the recommendation that Plaintiffs be awarded "'fees on fees' for time spent on [the Fee Motion]." (Obj. to R&R at 1.) The court therefore reviews this issue de novo.[1] 28 U.S.C. § 636(b)(1). Defendants point out that the Rule 68 Offer "award[s] only fees and costs incurred up to and including the date of the Rule 68 Offer." (Obj. to R&R at 4 (emphasis added); see also Rule 68 Offers (Dkts. 27-1 to -3).) Because Plaintiffs prepared and submitted the Fee Motion after accepting the Offer, Defendants argue that the court should exclude time spent on the Fee Motion from the calculation of Plaintiffs' attorney's fees. The court disagrees, concluding instead that Plaintiffs' counsel should be compensated for reasonable time spent on the Fee Motion, as Judge Pollak recommended.

---

[1] Plaintiffs argue that Defendants' objections mirror the arguments "made in their original opposition to [the Fee Motion]," and "[t]hus, defendants' objection is subject to review under the 'clearly erroneous' standard." (Reply to Obj. (Dkt. 41) at 2 (citing Jaramillo v. Banana King Rest. Corp., No. 12-CV-5649 (NGG) (RML), 2016 WL 1108956, *2 (E.D.N.Y. Mar. 18, 2016)).) The court acknowledges that Defendants assert substantially similar arguments, and cite many of the same cases, as in their original opposition. (Compare Opp'n to Fee Mot. (Dkt. 35) at 8-10 with Obj. to R&R.) The objections to the R&R, however, develop these arguments in much greater detail, and grapple more directly with a set of cases that, admittedly, "do not follow a uniform practice." Johnson v. City of New York, No. 11-CV-6176 (ENV) (CLP), 2016 U.S. Dist. LEXIS 17088, at *18 (E.D.N.Y. Jan. 30, 2016). In light of both Defendants' expanded argumentation and the lack of clear, binding precedent on this issue, the court will apply de novo review.

1. Legal Standard

Section 1988 allows the court, "in its discretion," to award "a reasonable attorney's fee" to a party who prevails in an action under Section 1983. 42 U.S.C. § 1988(b). The Second Circuit has long held that, as a general matter, the award may account for "time reasonably spent by plaintiff's attorneys in establishing their fee." Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980); see also Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1060 (2d Cir. 1995) (noting "the default rule that a successful applicant for § 1988 attorneys' fees should be awarded the costs of bringing its § 1988 application"). "The Second Circuit courts do not follow a uniform practice," however, with regard to "fee on fee" requests that follow offers under Rule 68. Johnson v. City of New York, No. 11-CV-6176 (ENV) (CLP), 2016 U.S. Dist. LEXIS 17088, at *18 (E.D.N.Y. Jan. 30, 2016); see also Hassan v. New York City, No. 11-CV-5382 (JBW) (VMS), 2014 U.S. Dist. LEXIS 26194, at *23 (E.D.N.Y. Feb. 10, 2014) (citing example cases for the proposition that, "while some courts in this Circuit do not award fees incurred after the acceptance of an offer of judgment, other courts allow such fee awards, when reasonable").

Courts that declined to award "fees on fees" have typically relied on clear language in the Rule 68 offer, noting that "[o]ffers of judgment pursuant to [Rule 68] are construed according to ordinary contract principles." Struthers v. City of New York, No. 12-CV-242, 2013 WL 5407221, at *4 (E.D.N.Y. Sept. 25, 2013) (quoting Goodheart Clothing Co., Inc. v. Laura Goodman Enters., Inc., 962 F.2d 268, 272 (2d Cir.1992)). In Long v. City of New York, for example, "[t]he Rule 68 judgment limited recoverable fees and expenses to those incurred prior to the date of the offer," and so Judge Alvin K. Hellerstein declined to award "fees and expenses for work done preparing" the fee motion after judgment was entered. Long, No. 09 Civ. 6099 (AKH), 2010 U.S. Dist. LEXIS 81020, at *5 (S.D.N.Y. Aug. 6, 2010) (emphasis added). Judge

4

Hellerstein recognized, however, that if a defendant disputes the fee motion "in bad faith," then even a clear Rule 68 offer would not necessarily preclude plaintiffs from recovering for time spent securing their fee award. Id. at *5-6.

Other courts have taken a broader approach, finding that "fees on fees" may be recoverable whenever the parties fail to settle attorney's fees before judgment, even if the defendants did not act in bad faith. Under such circumstances, the defendants have effectively been "put on notice that time spent by counsel in seeking fees would become a component" of the "reasonable attorney's fees" authorized under Section 1988. Rosado v. City of New York, No. 11 Civ. 4285 (SAS), 2012 WL 955510, at *6 (S.D.N.Y. Mar. 15, 2012); see also, e.g., Hassan, 2014 U.S. Dist. LEXIS 26194, at *23-24; Lee v. Santiago, No. 12 Civ. 2558 (PAE) (DF), 2013 WL 4830951, at *13 (S.D.N.Y. Sept. 10, 2013); Tucker v. City of New York, 704 F. Supp. 2d 347, 358 (S.D.N.Y. 2010).

2. Analysis

Defendants object to Judge Pollak's R&R on three grounds, none of which the court finds persuasive. Defendants argue, first, that "the Court should enforce the plain language of the Rule 68 Offers of Judgment," which "award[s] only fees and costs incurred up to and including the date of the Rule 68 Offer." (Obj. to R&R at 4.) Defendants assert that "[c]ourts have deemed this language to plainly and unambiguously preclude the collection of fees and costs after the date of service of the Rule 68 Offer." (Id. at 3.) Numerous cases have rejected that hardline interpretation, however, including two of the cases that Defendants cited in support of this argument. See Rosado, 2012 WL 955510, at *6 ("[A]s a matter of equity, plaintiff should be awarded some amount for the time his counsel spent in preparing the instant fee application."); Tucker, 704 F. Supp. 2d at 358 ("Time devoted to a fee application is generally compensable, and in this case there is no reason to disallow it." (internal citations omitted)).

5

Defendants next contend that, even if the court does not adhere to the hard temporal limit in the Rule 68 Offer, the procedural history of this case weighs against awarding "fees on fees" in this instance. In particular, Defendants note that Plaintiffs filed the Fee Motion "without providing any fee request or raising the subject of fees and costs with defendants," meaning that "defendants had no opportunity to resolve the issue of fees and costs prior to the onset of motion practice." (Obj. to R&R at 3.) As Judge Pollak explained, however, "Defendants had the opportunity to resolve the issue of attorney's fees and costs at the settlement conference" or "along with the [subsequent] Offer of Judgment. Defendants' failure to do so did not deprive the Court of its ability to exercise its discretion under Section 1988 to award attorney's fees and costs to prevailing parties." (R&R at 23-24.) See also Rosado, 2012 WL 955510, at *6.

Defendants' final argument is that the issue of attorney's fees could have been resolved more expeditiously had Plaintiffs initiated negotiations with Defendants rather than filing the instant Fee Motion. (Obj. to R&R at 7.) The court should decline any associated costs, Defendants argue, because of the court's obligation to "exclude 'excessive, redundant or otherwise unnecessary hours.'" (Id. at 6 (quoting Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999)).) Plaintiffs were under no obligation to negotiate rather than litigate their attorney's fees, however, particularly in light of the parties' unsuccessful negotiations before Defendants extended the Rule 68 Offer. (See R&R at 23-24.) Moreover, if Defendants truly believed that negotiation would have produced swifter resolution than litigation, they could have responded to Plaintiffs' Fee Motion by sending Plaintiffs a proposal rather than by filing a brief in opposition.

The court finds that Defendants' objections lack merit. The court agrees with, and adopts in full, Judge Pollak's reasoning, including the recommendation that "five hours spent preparing

the instant motion and declaration is reasonable." (Id. at 24.) Those five hours are properly included in the compensable total, as calculated in the R&R.

## III. CONCLUSION

For the reasons stated above, Defendants' objections (Dkt. 40) are OVERRULED and Judge Pollak's R&R (Dkt. 39) is ADOPTED IN FULL. Accordingly, Plaintiffs' Motion for Attorney's Fees (Dkt. 31) is GRANTED, and the court AWARDS Plaintiffs $15,313.22, consisting of $14,190.00 in attorney's fees and $1,123.22 in costs.

SO ORDERED.

Dated: Brooklyn, New York
December 21, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge